McCormick Theological Seminary v. Thompson, 207 Ill. App. 159.

privileged, because made to defendant's employer, was without merit where it appeared that the statements were made simply as an excuse for defendant's own misconduct and that the remarks were made to other employees.

3. LIBEL AND SLANDER, § 145*—*when evidence is sufficient to sustain verdict.* In an action of slander to recover damages for the utterance of slanderous words, charging plaintiff with having committed fornication with a married man, evidence *held* sufficient to sustain a verdict for plaintiff.

4. LIBEL AND SLANDER, § 142*—*when evidence that plaintiff was not guilty of charge of fornication is admissible.* In an action to recover damages for the utterance of slanderous words, charging plaintiff with having committed fornication with a married man, where defendant pleaded the truth as a defense, *held* that it was not error to admit testimony that plaintiff did not commit fornication with the party named by defendant.

5. LIBEL AND SLANDER, § 37*—*what is slanderous per se.* A charge of fornication is slanderous *per se.*

6. LIBEL AND SLANDER, § 21*—*when malice presumed.* Malice will be presumed by the use of words actionable *per se.*

---

McCormick Theological Seminary of the Presbyterian Church, Defendant in Error, v. E. F. Thompson, Plaintiff in Error.

· Gen. No. 23,031.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed July 2, 1917.

### Statement of the Case.

Action by McCormick Theological Seminary of the Presbyterian Church, a corporation, plaintiff, against E. F. Thompson, defendant, to recover rent for the months of November and December, 1915, and for at-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

McCormick Theological Seminary v. Thompson, 207 Ill. App. 159.

torneys' fees incurred in collecting rent for the four previous months under the terms of a written lease. From a judgment for plaintiff for $143.50, including $12 for attorneys' fees, defendant brings error.

THOMPSON, MOORE & CLARK, for plaintiff in error.

MATHER & HUTSON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 327*—*when attorneys' fees and expenses are allowable under lease.* Under a lease in which the lessor agrees to pay, in addition to rent and other matters, "all reasonable costs, attorneys' fees and expenses that shall be made and incurred by the lessor in enforcing the covenants and agreements of this lease," attorneys' fees and expenses incurred in collecting rent for prior months are allowable as part of the judgment for rent.

2. LANDLORD AND TENANT, § 327*—*when lease containing provision for attorneys' fees is not unilateral.* In an action on a lease to recover rent and attorneys' fees and expenses in collecting rent for prior months, *held* that a lease by which the tenant agreed to pay, in addition to rent and other matters, all reasonable costs, including attorneys' fees and expenses incurred by the landlord in enforcing the covenants and agreements of the lease, was not unilateral for want of mutuality.

3. LANDLORD AND TENANT, § 327*—*when provision in lease for payment of attorneys' fees is valid.* A provision in a lease for the payment by a tenant of attorneys' fees and expenses incurred by the landlord in enforcing the covenants and agreements of the lease is valid as constituting an indemnity to the landlord against actual loss resulting from a failure of the tenant to keep his agreement.

4. ACTION, § 68*—*when action for rent is not prematurely brought.* The contention that an action to recover rent and attorneys' fees and expenses incurred in collecting previous instalments of rent was prematurely brought, *held* to be without merit where the rent was payable in advance on the first day of each month and the rent for the months for which the action was brought was long past due.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.